IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL J. SCHAAF,<br><br>        Plaintiff,<br><br>-vs-<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Civil Action No. 12-1387 |

AMBROSE, Senior District Judge.

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). Both parties have filed Briefs in Support of their Motions. (Docket Nos. 8 and 10). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment (Docket No. 9) and denying Plaintiff's Motion for Summary Judgment. (Docket No. 7).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed an application for benefits on June 23, 2009, alleging he had been disabled primarily due to Crohn's disease since December 17, 2007. (ECF No. 6-5, pp. 1-2). Administrative Law Judge ("ALJ") John Kooser, held a hearing on December 21, 2010. (ECF No. 6-2, pp. 39-79). On February 24, 2011, the ALJ found that Plaintiff was not disabled under the Social Security Act. (Docket No. 6-2, pp 11-21). After

1

exhausting all of his administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 7 and 9). The issues are now ripe for review.

## II. **LEGAL ANALYSIS**

### A. **STANDARD OF REVIEW**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. WHETHER THE ALJ FAILED TO PROPERLY EVALUATE PLAINTIFF'S CROHN'S DISEASE AS IT RELATES TO HIS ABILITY TO WORK

Plaintiff submits that the record demonstrates Plaintiff's Crohn's disease resulted in his need to use the bathroom on a regular basis for protracted periods of time, even through the date of the hearing. (ECF No. 8, pp. 5-9). Given such evidence, Plaintiff argues that the ALJ erred in failing to evaluate the effect of Plaintiff's Crohn's disease on his ability to work (how long Plaintiff would be off task as a result of his need to use the bathroom for regular and long periods of time). (ECF No. 8, pp. 10-13). Reading the record as a whole, however, I disagree.

ALJ is charged with the responsibility of determining credibility. *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson,* 500 F.2d 309, 312 (3d Cir. 1974), *cert.*

3

*denied,* 420 U.S. 931 (1975). The ALJ must consider "the entire case record" in determining the credibility of an individual's statement. SSR 96-7p. The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *Id*. I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In this case, the ALJ found Plaintiff's statements not to be credible to the extent they were internally inconsistent and inconsistent with the record. (ECF No. 6-2, p. 6). While there is evidence that Plaintiff testified that he recently had more frequent bathroom visits (ECF No. 6-2, p. 64) and that he has flare ups every 2-3 weeks that can last for a week to 10 days (ECF No. 6-2, p. 67), this testimony is internally inconsistent, as well as inconsistent with the medical evidence. For example, Plaintiff testified that his weight fluctuates because his Crohn's disease has a tendency to flush his system out and he doesn't absorb things the way he should. (ECF No. 6-2, pp. 45-46). At the time of the hearing, however, Plaintiff testified that his weight was 186 pounds – "the highest it's been in probably eight years," up from a low of 131. *Id.* Furthermore, his weight in the previous year was between 175-180 pounds and in the past two years he has been able to keep his weight high, indicating that Plaintiff has been able to maintain a higher weight. *Id.* Additionally, Plaintiff has been on Remicade for almost 2 years which has helped. During his most recent colonoscopy, Plaintiff testified that things "looked good." (ECF No. 6-2, p. 64).

Additionally, there is medical evidence that indicates that for about two years prior to the date of the hearing Plaintiff's bowel situation was under control, that he had bowel movements once to three times daily that were well-formed without gastrointestinal pain/symptoms. (ECF No. 6-12, pp. 7-17; 6-14, p. 36). While in November of 2010 Plaintiff had increased bowel

movements, his treating gastroenterologist indicated that he "has remained relatively well" and that Plaintiff reported that he was "general quite well" and working full-time. (ECF No. 6-29, p. 3). He further stated that Plaintiff's Crohn's disease was "in relative remission." (ECF No. 6-29, p. 4).

Thus, reviewing the opinion of the ALJ as a whole, I find the ALJ properly weighed the evidence taking into account the effect of Plaintiff's Crohn's disease on his ability to work. (ECF No. 6-2, pp. 15-19). Thus, I find there was substantial evidence to support that ALJ's analysis and findings. Therefore, I find no error based on this argument.

### C. WHETHER THE ALJ ERRED IN FAILING TO ADOPT A HYPOTHETICAL THAT ACCURATELY REFLECTS PLAINTIFF'S LIMITATIONS

Plaintiff also seems to argue that ALJ erred in not accepting the vocational expert's testimony that a person who needed to use the bathroom as frequently and for as long as described by Plaintiff would be off task to a degree not permitted in competitive employment. (ECF No. 8, p. 10). I disagree. An ALJ is only required to accept the responses which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the record reveals substantial evidence that the hypothetical questions adopted by the ALJ accurately reflected Plaintiff's impairments. (ECF No. 6-2, p. 77). Consequently, I find no error in this regard.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL J. SCHAAF,                )
                                 )
         Plaintiff,              )
                                 )
   -vs-                          )          Civil Action No.   12-1387
                                 )
CAROLYN W. COLVIN,               )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
         Defendant.              )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

THEREFORE, this 8th day of January, 2014, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment (Docket No. 7) is denied and Defendant's Motion for Summary Judgment (Docket No. 9) is granted.

                              BY THE COURT:

                              s/   Donetta W. Ambrose
                               Donetta W. Ambrose
                               United States Senior District Judge